*578 OPINION.
Love:
The primary question is whether or not the assessment of the proposed deficiency is barred by section 277 (a) (3), Revenue Act of 1926. The pertinent part of this section is the following:
Tlie amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, * * * shall be assessed within five years after the return was filed, and no proceeding in court without assessment shall be begun after the expiration of such period.
As appears in the findings of fact, a consolidated return was filed in June, 1919. Later the Commissioner ruled petitioner was not affiliated with the Philadelphia Company, one of the corporations included in the return, and directed petitioner to file another return from which would be excluded income and invested capital of the Philadelphia Company. Petitioner filed a new return, accordingly, in September, 1923. On July 31, 1925, notice of the deficiency here in question was mailed to petitioner.
The Commissioner’s position is, that since he had determined that petitioner was not affiliated with the Philadelphia Company, the return filed in June, 1919, was not a compliance with section 239, Revenue Act of 1918. This section provides, “ That every corporation subject to taxation under this title * * * shall make a return * * Section 240 (a) required corporations which are affiliated to make a consolidated return.
There is no question of petitioner’s good faith in filing the consolidated return, and it also is not questioned that such return complied in all respects with section 240 (a) if the corporations were affiliated.
We think that a return so made also complies with section 239. Therefore, the limitation of time within which an assessment may be made should be computed from the date of filing such return. The facts in the present case bring it within the decision of the Board in National Tank & Export Co., 3 B. T. A. 1217. The present case also comes squarely within the Board’s decision in Appeal of F. A. Hall Co., 3 B. T. A. 1172, in that here as there the consolidated return contained all of the information necessary to a computation *579 of the tax of each constituent corporation separately. See also Appeal of National Refining Compamy of Ohio, 1 B. T. A. 236. The deficiency letter having been mailed more than five years after the filing of the consolidated return, the assessment of the proposed deficiency is barred by section 277 (a) (3), Revenue Act of 1926.
It is, therefore, unnecessary to consider the question of affiliation.

Judgment of no deficiency for the year 1918 will he entered.

Considered by Thus sell, Smith, and Littleton.